IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

EUGENE L. WORKMAN,

           Plaintiff,

v.                                       CIVIL ACTION NO. 2:04-1257

WAL-MART STORES EAST, L.P.,
BESAM AUTOMATED ENTRANCE
SYSTEMS, INC. and B.E.A. INC.

           Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is Defendant B.E.A. Inc.'s motion to dismiss (Doc. 72). B.E.A. argues that Plaintiff's claims against it must fail because the action was not filed within the applicable statute of limitations. For the following reasons, B.E.A.'s motion is **DENIED**.

**I.    Factual Background**

      Plaintiff filed his original complaint against Defendant Wal-Mart Stores East (Wal-Mart) on October 21, 2004. The complaint alleged a negligence claim for injury caused by automated doors operating on Defendant's property as Plaintiff was entering its store on or about October 28, 2002. After initial discovery responses by Plaintiff, Wal-Mart moved for, and this Court granted, leave to file a third-party complaint against Defendant Besam Automated Entrance Systems, Inc. (Besam) on April 8, 2005. These claims were brought against Besam as the party who manufactured and installed the automated doors in the Wal-Mart store. As a result of Besam's joinder, this Court continued the trial date, and entered a new scheduling order.

On October 17, 2005, the Plaintiff moved for leave to file an amended complaint naming Besam as a direct defendant, and raising product liability claims against it. Plaintiff also filed discovery requests upon Wal-Mart and Besam. On December 7, 2005, Besam served its responses upon the Plaintiff indicating that B.E.A., Inc. (B.E.A.) was the manufacturer of the sensors on the automated doors installed at Wal-Mart stores. A week later, on December 15, 2005, Plaintiff served his second motion for leave to file an amended complaint, naming B.E.A. as a direct defendant, and raising product liability claims against it.

On January 30, 2006, this Court granted both of Plaintiff's motions to file an amended complaint. On March 24, 2006, B.E.A. filed a motion to dismiss, which was incorrectly docketed as an answer to the amended complaint, and was unaccompanied by a memorandum. On May 19, 2006, B.E.A.'s misdocketing was corrected, and it re-filed a motion to dismiss accompanied by a memorandum in support. The other parties have responded, and the motion is now ripe for decision.

## II.     Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defending party may move to dismiss if the pleading party has failed to state a claim for which relief may be granted. A Rule 12(b)(6) motion tests the sufficiency of the pleading. It does not resolve factual disputes, "the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering the motion, the claims must be viewed in the light most favorable to the non-moving party and all allegations accepted as true. *Id*. Dismissal is appropriate only when it appears beyond a doubt that no set of facts would entitle the pleader to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**III.     Discussion**

In its motion to dismiss, B.E.A. argues that Plaintiff's claims against it are barred by the applicable two-year statute of limitations.  Plaintiff served its second amended complaint upon B.E.A. approximately three and a half years after the date of injury.  B.E.A. argues that the claims against it fail for two reasons: (1) the addition of B.E.A. as a party fails to meet the requirements of Fed. R. Civ. Pro 15 permitting relation back to the date of the filing of the original complaint; and (2) the Plaintiff is not entitled to the benefit of the tolling principles of the "discovery rule."  Because the Court finds that the principles of the discovery rule apply to this case, the following only addresses that issue.

Relying upon the case *Cart v. Marcum*, 423 S.E.2d 644 (W. Va. 1992), B.E.A. insists that the discovery rule may only be applied in cases where there is a showing that the defendant did something to conceal its existence or to prevent the plaintiff from learning of its identity.  Plaintiff does not argue nor does the Court conclude that B.E.A. engaged in any activity to conceal its existence or impede Plaintiff's case.  However, as this Court has recently recognized, the holding of *Cart* requiring evidence of a defendant's misconduct, in cases like the present, was modified in *Gaither v. City Hospital, Inc.*, 487 S.E.2d 901 (W. Va. 1997).  *See Benson v. CSX Transportation, Inc.*, No. 3:05-0384, 2006 WL 1391436, at *3 (S.D.W. Va. May 17, 2006); *see also Burns v. Huntington Mall Co.*, No. Civ.A. 3:05-0963, 2006 WL 1519354, at *3 (S.D.W. Va. May 30, 2006).

This Court in *Benson* thoroughly detailed the development of the discovery rule from *Cart* to *Gaither*.  *Benson*, 2006 WL 1391436 at *2-4; *see id.* at *3 n. 6 (citing *Miller v. Monangalia County Bd. of Educ.*, 556 S.E.2d 427, 433 n. 3 (W. Va. 2001)(Starcher, J., concurring))("observing that *Gaither* either modified or overruled *Cart* and 'subsequent decisions...make clear that

*Gaither*...is the preferred statement of the discovery rule'"). The standard articulated in *Cart* applies to situations where the "causal relationships are so well established that we cannot excuse a plaintiff who pleads ignorance." *Benson*, 2006 WL 1391436 at *3 (citation omitted). In such situations, "a plaintiff does or should reasonably know of the existence of any injury *and* its cause." *Id.* (emphasis in original).

In most cases, including many product liability cases, plaintiffs either do not realize that they are injured or they know of an injury, but are unaware that someone else may be responsible for the injury, within the statute of limitations. In order to avoid what the court in *Gaither* described as a "miscarriage of justice," the discovery rule of *Cart* was modified. The court relied upon its previous elaboration of the rule in the products liability context in *Hickman v. Grover*, 358 S.E.2d 810 (W. Va. 1987). Expanding upon the principles of *Hickman*, the *Gaither* court held:

> In tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal
>   relation to the injury.

487 S.E.2d at Syl. Pt. 4;[1] *see Bennett v. ASCO Serv., Inc., et al.*, 621 S.E.2d 710, 720 (W. Va. 2005)("Whether the discovery rule applies is determined, in tort actions, by the application of Syllabus Point 4 of *Gaither v. City Hospital, Inc.*")(citation omitted). Under this rule, the court explained that the statute of limitations is tolled until a plaintiff, "acting as a reasonable, diligent person, discovers the essential elements of a possible cause of action, that is, discovers duty, breach,

---

[1]Although B.E.A. cites to the *Gaither* standard in its motion to dismiss, the substantive analysis involves only the *Cart* standard.

causation and injury." *Gaither*, 487 S.E.2d at 909. Only after a determination that a plaintiff is not entitled to the *Gaither* discovery rule will a court turn to the question of whether the defendant engaged in some kind of misconduct warranting the tolling of the statute of limitations. *Bennett*, 621 S.E.2d at 720.

In the *Bennett* case, the West Virginia Supreme Court discussed the application of the discovery rule in a products liability case involving a very similar factual situation. That case involved a lawsuit filed by a homeowner against a car manufacturer, fire alarm system manufacturer, and heat sensor manufacturer, alleging that a defect in their car caused a fire in their garage, and that a defect in the home fire alarm system permitted the fire to spread and ultimately destroy their home. *Id.* at 713-715. On March 25, 1998, the plaintiffs awoke to the smell of smoke, and the sound of a battery operated smoke detector beeping. *Id.* at 714. They discovered that the fire was coming from the engine of their car parked in the garage, but unfortunately, they were unable to control it. *Id.* Experts later estimated that the fire had been burning for twenty to thirty minutes when it was discovered. *Id.* At no time did the home fire alarm system send off any warning. *Id.*

The plaintiffs brought a lawsuit against the car manufacturer, Toyota, the company who installed the fire alarm system, ASCO, and a company who allegedly manufactured some of the components of the fire alarm system, Honeywell. *Id.* at 714-715. During discovery in June 2000, plaintiffs were provided documents which identified another company, Chemetronics, as the manufacturer of the heat sensors used in the alarm sensor. *Id.* at 715. Experts had identified the heat sensors as a significant factor in the fire alarm system's failure. *Id.* However, plaintiffs assumed that Chemetronics was a subsidiary of Honeywell. *Id.* It was not until October 2001, during a deposition, that plaintiffs discovered that Chemetronics was not a subsidiary of Honeywell. *Id.* In

October 2002, plaintiffs filed an amended complaint to include Chemetronics as a defendant. *Id.*

On appeal, the Supreme Court affirmed the grant of summary judgment dismissing Chemetronics under the statute of limitations. *Id.* at 720. The court rejected plaintiffs' argument that they did not know the identity of Chemetronics until October 2001, and then acted timely to file their amended complaint. *Id.* at 719. Instead, the court agreed with Chemetronics that the plaintiffs reasonably knew or should have known by June 2000 of Chemetronics' potential liability, and that the October 2002 complaint was not timely. *Id.* The court did not even consider the validity of plaintiffs' assumption that Chemetronics was a subsidiary of Honeywell. The court explained that "[t]he record shows that during discovery in June 2000, the Bennetts were given documents that identified Chemetronics as being involved with the manufacture of the heat sensors." *Id.* at 720. Because plaintiffs' experts identified the heat sensors as a potential source of the malfunction, plaintiffs should have known through due diligence in June 2000 that Chemetronics was the manufacturer of the heat sensors which malfunctioned and permitted the fire to destroy their home. *Id.* The court agreed that under these circumstances, the plaintiffs were not entitled to the protection of the discovery rule. *Id.*

The reasons that the court found that the plaintiffs in *Bennett* were not entitled to the discovery rule are absent from the present case. Similar to the *Bennett* case, the Plaintiff in this case initially filed his complaint in October 2004 against Wal-Mart for negligence, and shortly thereafter, amended his complaint to include a products liability claim against Besam as the manufacturer and installer of the automatic doors. Through discovery with Besam, Plaintiff became aware, in December 2005, that B.E.A. manufactured the sensor in the automatic doors installed in Wal-Mart stores. However, unlike the plaintiffs in *Bennett*, just a week after being served with the discovery

responses revealing B.E.A.'s identity, Plaintiff sought leave to file a second amended complaint. Had Plaintiff waited two years from the time which B.E.A. was identified through discovery to file an amended complaint, knowing that the sensors on the door may be a significant factor in this case, he would likely not be entitled to the protection of the discovery rule. Because Plaintiff acted timely from the date on which he discovered B.E.A.'s identity, and its potential liability, the discovery rule applies.

In the *Bennett* case, Chemetronics did not argue that plaintiffs knew or should have known that it was the manufacturer of the heat sensor before the discovery exchange in June 2000. This Court addressed a similar argument in *Benson v. CSX Transportation, Inc.*, No. 3:05-0384, 2006 WL 1391436, at *3 (S.D.W. Va. May 17, 2006). In *Benson*, the plaintiff worked as a engineer for CSX when a tank car he was operating leaked hydrochloric acid which he claimed rendered him disabled. *Id*. at *1. He filed suit against his employer and various others for his injuries. *Id.* Almost a year later, Plaintiff filed an amended complaint naming defendant Rescar. *Id.* Rescar claimed that it should be dismissed under the statute of limitations. *Id.* Plaintiff argued that it did not know of Rescar until another defendant disclosed during discovery that, four days prior to his accident, Rescar repaired the same tank car for a hydrochloric acid leak. *Id.* Prior to that disclosure, none of the other parties were aware of the previous leak and repair. *Id.*

In applying the discovery rule to the facts, this Court found that "there is no evidence currently before the Court in this case to suggest that the Plaintiff should have been on notice that the tank car previously leaked and was repaired and Plaintiff should have inquired about it within two years of the accident." *Id.* at *5. Furthermore, the Court noted that "there is nothing to indicate that Plaintiff even knew about Rescar's existence before he received the discovery responses from

[the other defendant]." *Id.* The Court also dismissed Rescar's general argument that a diligent plaintiff should have discovered the alleged claims against it, and said "[a]lthough Rescar states that a reasonable and diligent plaintiff investigating the tank car would have uncovered the alleged claims before the statute of limitations ran, Rescar cites no circumstances which would have put Plaintiff on notice to make such inquiry until [the other defendant] turned over the information in discovery." *Id.*

B.E.A.'s argument suffers the same deficiencies. Although B.E.A. argues that Plaintiff should have known of its identity before December 2005, B.E.A. has failed to present any evidence to support its argument. Nor has B.E.A. presented any evidence that Plaintiff even knew, before filing his second amended complaint, that the sensors on the door were manufactured separately from the doors themselves. B.E.A. also fails to cite to any specific circumstances which should have put the Plaintiff on notice to make such inquiries into a separate manufacturer of the sensor. It was not until the date that Plaintiff received the discovery responses from Besam identifying B.E.A. that the causal connection between Plaintiff's injury and B.E.A. was discovered.

B.E.A. makes the same general arguments as the defendant in *Benson*, that Plaintiff should have known of its existence through reasonable diligence, and should be precluded from benefitting from the discovery rule. Although B.E.A. makes the unsupported statements that Plaintiff was aware that Wal-Mart did not manufacture the automatic door and the sensors in questions, B.E.A. does not suggest that Plaintiff should have been aware that B.E.A., in fact, was the manufacturer of the sensors. The reason that Plaintiff became aware that Wal-Mart did not manufacture the door or the sensors in question was through the process of discovery. Although B.E.A. suggests that Plaintiff should have conducted discovery differently, presumably better, it provides the Court with

no evidence to suggest that Plaintiff failed to exercise reasonable diligence. In any event, as this Court has previously held, the issue of whether a reasonable and diligent plaintiff should have uncovered B.E.A. within the statute of limitations should be left for a jury to decide and not for the Court to resolve on a motion to dismiss. *Benson*, 2006 WL 1391436,. at *5 (citing *Stemple v. Dobson*, 400 S.E.2d 561 (W. Va. 1990)(holding "[w]here a cause of action is based on tort..., the statute of limitations does not begin to run until the injured person knows, or by the exercise of reasonable diligence should know, of the nature of his injury, and determining that point in time is a question of fact to be answered by the jury.").

**IV.     Conclusion**

For the foregoing reasons, B.E.A.'s motion to dismiss is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Written Opinion and Order to counsel of record and any unrepresented parties.

    ENTER:     July 10, 2006

    ROBERT C. CHAMBERS
    UNITED STATES DISTRICT JUDGE